## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

**UNITED STATES OF AMERICA**

**Plaintiff**

**vs.**                                        **Civil No.:   3:21cv680-LAC/HTC**

**1978 MODEL CESSNA 421C AIRPLANE**
**SN: 421C-520**
**REGISTRATION: N502SA**

**Defendant**

_____/

## AMENDED VERIFIED COMPLAINT
## FOR FORFEITURE IN REM

COMES NOW the United States of America, Plaintiff in this action, by
and through the undersigned Assistant United States Attorney, and alleges the
following in accordance with Supplemental Rule G(2) of the Federal Rules of
Civil Procedure:

1.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§
1345 and 1355.

2.     This Court has in rem jurisdiction over the defendant property
pursuant to:

1

    a.    28 U.S.C. § 1355(b)(1)(A), because pertinent acts or omissions giving rise to the forfeiture occurred in the Northern District of Florida; and

    b.    28 U.S.C. § 1355(b)(1)(B), because venue properly lies in the Northern District of Florida pursuant to 28 U.S.C. § 1395.

3.    Venue lies within the Northern District of Florida pursuant to 28 U.S.C. § 1395(a), because the action occurred within the Northern District of Florida.

4.    The defendant property is a 1978 Model Cessna 421C Airplane, SN: 421C-520, Registration: N502SA.

5.    The defendant property was seized by the United States Drug Enforcement Administration on December 7, 2020.

6.    The defendant property was purchased with unlawful drug proceeds and was used, or intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession or concealment of controlled substances in violation of Title 21, United States Code, Section 881[1], and is therefore forfeitable pursuant to Title 21, United States Code, Section 881.

---

1 The Complaint filed on 4/19/2020, erroneously cited Title 18, United States Code, Section 881.   The correct statute of Title 21, United States Code, Section 881 is now listed.

7.     The facts and circumstances supporting the seizure and forfeiture of the defendant property are contained in Exhibit A, which is attached hereto and fully incorporated within this Complaint by reference.

WHEREFORE, the United States of America respectfully requests that process of forfeiture be issued against the defendant property, that due notice be given to all interested parties to appear and show cause why the forfeiture should not be decreed, that the Court decree the condemnation and forfeiture of the property to the United States for disposition according to law and that the United States be granted such other relief as the Court deems just and proper.

Respectfully submitted,

JASON R. COODY
Acting United States Attorney

*/s/ Andrew J. Grogan*
ANDREW J. GROGAN
Assistant United States Attorney
Northern District of Florida
Florida Bar No. 85932
111 North Adams Street, Fourth Floor
Tallahassee, Florida 32301
(850) 942-8430
andrew.grogan@usdoj.gov

3

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 30th day of April, 2021, the foregoing was filed electronically with the Clerk of the Court using the CM/ECF filing system.

/s/ ANDREW GROGAN
ANDREW GROGAN
Assistant U.S. Attorney

## DECLARATION

I am a Special Agent with the United States Drug Enforcement Administration currently assigned to the Miami Field Division Enforcement Group 16 in Weston, Florida in the Northern District of Florida.

I have read the contents of the foregoing Complaint for forfeiture, and the Exhibit thereto, and the statements contained therein are true to the best of my knowledge and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this _30_ day of April, 2021.

_____
**Ryan J. Petrasek**
Special Agent
Drug Enforcement Administration

5

STATE OF FLORIDA
COUNTY OF _Broward_

The foregoing affidavit was sworn before me this 30th day of April, 2021, by Special Agent Ryan J. Petrasek, who is personally known to me or has produced _Known_ as identification.

_____
Notary Public

My Commission Expires: _Oct 8, 2021_

6

**EXHIBIT A**

**AFFIDAVIT IN SUPPORT OF CIVIL FOREITURE 1978 MODEL CESSNA 421C AIRPLANE, SN: 421C-520, REGISTRATION: N502SA**

I, Ryan Petrasek, having been duly sworn, hereby depose and state:

1.      I am a Special Agent of the Drug Enforcement Administration (DEA) assigned to the Miami Field Division, Group II, since June of 2010. Prior to employment with the DEA, I was employed as a Special Agent with United States Secret Service (USSS) for approximately five years. Prior to employment at the USSS, I was a fulltime Police Officer for the Washington, D.C. Metropolitan Police Department for approximately four years.

2.      As a Special Agent with the USSS, I attended training at the Federal Law Enforcement Training Center in Glynco, Georgia, where I received training in financial crimes investigations; computer crimes; computer forensic crime; and other white-collar investigations.

3.      As a Special Agent with the DEA, I attended training at Quantico, Virginia. My initial DEA training consisted of drug identification, applicable laws and regulations, narcotic investigative procedures and techniques, surveillance techniques, witness interviews, undercover operations, methods for conducting complex drug conspiracy and financial investigations, drug operational and money laundering methods used by drug traffickers, the

1

concealment and laundering of drug proceeds, and preparing cases for prosecution.

## IN THE MATTER OF THE CIVIL FORFEITURE

4.     This affidavit is made in support of an application for a civil forfeiture, under Title 18, United States Code, Section 1956(a)(1)(A)(i). Through my experience, it is customary for drug traffickers to utilize airplanes that are inexpensive, small, fast and agile, capable of landing on unimproved and short landing strips. Drug Trafficking Operations (DTOs) also seek to purchase aircraft with mid to high hour ratings on engines. The higher the rating level the less expensive the aircraft will be to purchase. DTOs consider these aircraft to be disposable assets and the aircraft cost must be able to be recouped in a single transportation run. Aircraft used in the transportation of narcotics must have a flight range that a single flight can occur from the South American source countries to Mexico or other Central American countries. Typically, these airplanes are small, have twin engines, and are easy to conceal in hangars and small airports. However, the aircraft must have sufficient cargo capacity to carry at least 1000 kilograms of narcotics without needing structural modifications.

2

5.      I have learned that once an aircraft is purchased for drug trafficking, it is rarely re-registered and even more rarely is it registered in the name of the nominee buyer.  In an illegal aircraft purchase, DTOs, on occasion, will obtain fraudulent documentation that indicates that the sales price of the aircraft was a lower amount then the actual price of the airplane.  If such fraudulent documentation is obtained, the DTOs will have been able to increase the DTO's profits by undervaluing the aircraft, thereby lessening the tax or tariff consequences for the purchase and exportation of the aircraft.

6.      I have learned that in order to purchase an aircraft and maintain it as a registered aircraft in the United States, the purchasing party must be a United States citizen or a member of a United States company where two-thirds of the owners are United States citizens.    Due to Federal Aviation Administration ("FAA") requirements, a non-United States citizen or business cannot be the registered owner of a registered United States aircraft. This requirement is applicable whether a transaction is for legitimate or illegitimate purposes.  In addition, if the purchasing party intends to purchase and export a United States registered aircraft to a foreign country, the purchaser must maintain the aircraft as a properly registered aircraft in accordance with the these procedures prior to the exportation.

3

## Factual Background

7.    On January 10, 2020, Your Affiant begin an investigation on individuals supplying U.S. Registered aircraft being purchased with drug proceeds to be further utilized to transport drugs through the Caribbean, South and Central America.

8.    On April 14, 2020, Your Affiant discovered that multiple suspicious wire transfers suspected to be drug proceeds were deposited into a business account in the name of TWA International Inc. (here afterwards referred to as TWA). TWA is known to Your Affiant to be a supplier of aircrafts purchased in the U.S. and subsequently found in South and Central America with drugs on board or suspected to have be used to transport drugs.  The listed President of TWA is a Carlos VILLAURUTIA (Herein afterwards referred to as VILLAURITIA).  Through the course of the investigation it was discovered by Your Affiant that VILLAURITIA conducts business on behalf of Eduardo Christian ESQUINO NUNEZ AKA Ed NUNEZ (here afterwards referred to as ESQUINO NUNEZ).  ESQUINO NUNEZ has been under investigation by the DEA since 1984 for utilizing aircraft to transport drugs and money laundering in approximately 75 cases.  ESQUINO NUNEZ has a criminal history and was convicted in 1991 for Conspiracy to distribute cocaine and a

4

2004 Conviction for Conspiracy to commit fraud involving a U.S. registered aircraft.

9.   On April 20, 2020, Your Affiant and Special Agent Chris Shary conducted a telephonic interview of VILLAURITIA and ESQUINO NUNEZ. During the interview ESQUINO NUNEZ admitted receiving drug proceeds in cash in Mexico from the Cartel Jalisco New Generation (Herein afterwards referred to as CJNJ) for the sale of aircrafts that were utilized to transport drugs for the organization. ESQUINO NUNEZ stated that the bulk case drug proceeds were then given to a money launderer in Mexico City that utilized the Parallel Black Market Peso Exchange to launder the drug proceeds into TWA account in the United States.   ESQUINO NUNEZ and VILLIAURITIA identified approximately $518,902.80 that was deposited into the account, which was derived from the aircraft sales to the CJNG Cartel.   ESQUINO NUNEZ stated that most illicit proceeds were utilized to purchase other aircraft for future sales to Mexican Cartel Members.   ESQUINO NUNEZ and VILLAURITIA stated that they did not know which aircrafts were purchased utilizing the illicit proceeds and would contact Your Affiant with an accounting of the dispersal of the funds.

5

10.    On June 3, 2020, Your Affiant was provided with a list of aircraft by VILLAURITIA that were purchased with the proceeds of the drug funds received from the CJNG Cartel. VILLAURITIA identified the following aircraft: N706AM, N15E and N502SA (a 1978 Cessna 412C hereafter referred to as the TARGET AIRCRAFT)

11.    On December 7, 2020, Your Affiant was alerted that the TARGET AIRCRAFT had flown to the Bob Sikes Airport in Crestview, FL. Your Affiant contacted the Okaloosa County Sheriff's office who subsequently stopped the aircraft as it was departing for Texas.  DEA SA Joseph Ahern responded to the scene and seized the TARGET AIRCRAFT for violations of Title 18, United States Code, Section 1956 for being purchased with laundered funds derived from drug proceeds.

## SUMMARY AND CONCLUSION

19.  Based upon the facts and circumstances outlined within this affidavit, your Affiant submits that there is probable cause to believe that the TARGET AIRCRAFT, a 1978 Cessna 421C, Serial Number 421C-520 Bearing U.S. Tail number N502SA is in violation of Title 18 United States Code, Section 1956 and subject to forfeiture pursuant to Title 18 United States Code, Section 1956 (a)(1)(A)(i).

6

The above information is true and correct to the best of my knowledge.

**RYAN PETRASEK**
**Special Agent, Drug Enforcement Administration**

**STATE OF FLORIDA,**
**COUNTY OF** Broward

Personally appeared before me, Ryan Petrasek, who was either personally

known to me or provided me photo identification and thereafter, under oath,

ATTESTED TO and SUBSCRIBED before me this _30_ day of April, 2021 at

Weston , Florida.



Notary Public

7

Affidavit in Support of Civil Forfeiture of 1978 MODEL CESSNA 421C AIRPLANE, SN: 421C-520, REGISTRATION: N502SA